DYCKMAN WALDRON, as Sole Executor, etc., of CORNELIA WALDRON, Deceased, Appellant, *v.* THE UNION TRUST COMPANY of New York, Respondent.

*Forgery — alteration of a check by an addition thereto of the name of an alternative payee — when, under the pleadings, a question is presented for the jury.*

In an action against a trust company to recover money deposited with it by the plaintiff, which the complaint alleges was paid out by the trust company upon a check drawn by the plaintiff, altered, as alleged, by the insertion therein of the name of an alternative payee to whom it was paid, a denial of any knowledge or information sufficient to form a belief whether the name of the alternative payee was inserted in the check requires, where there is a conflict of evidence upon that subject, the submission to the jury of the question whether there had been any unauthorized change made as to the payee of the check.

APPEAL by the plaintiff, Dyckman Waldron, as sole executor, etc., of Cornelia Waldron, deceased, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk

of the county of New York on the 30th day of March, 1897, upon the verdict of a jury, and also from an order entered in said clerk's office on the 7th day of April, 1897, denying the plaintiff's motion for a new trial made upon the minutes.

*Almet R. Latson,* for the appellant.

*Rufus W. Peckham, Jr.,* for the respondent.

Patterson, J.:

Upon the trial of this action the plaintiff moved for judgment on the pleadings, which motion was denied, and the principal argument made before us by the appellant arises upon an exception taken to that ruling. The claim is made that nothing to be submitted to a jury was put in issue by the answer, but that claim is altogether untenable under the allegations of the complaint, which presented a state of facts sufficiently met by the denials of the answer. The plaintiff did not sue simply to recover a balance of money on deposit with the defendant to his credit as executor; he set forth special facts and circumstances which he claimed would entitle him to recover a certain sum against the defendant on account of the payment by the defendant of an altered check which he, the plaintiff, drew against his account, but which (in substance) he claims the defendant should not have paid because of that alteration. The complaint alleges that under an order of the surrogate of the county of New York, he, the plaintiff, as executor, was required to deposit in the Union Trust Company of the city of New York the proceeds of sales of real estate of the testatrix, and that, between certain dates mentioned in the complaint, he did so deposit large sums of money; that by an order of the Supreme Court made in an action pending therein, he, the plaintiff, as executor, was directed to draw his check on the defendant for the sum of $1,000 to the order of one James A. Waldron, and the defendant was, by the same order, directed and required to pay that check upon presentation out of the funds on deposit to the credit of the plaintiff as executor. He further alleges in his complaint that he drew the check to the order of James A. Waldron, and gave it to one Van Ness for delivery to Waldron; that on the same day on which he so delivered the check, Van Ness procured it to be certified by the defendant,

and in place of delivering it to Waldron, and without the knowledge or consent either of Waldron or of the plaintiff, after the certification of the check by the defendant, Van Ness feloniously inserted in the body of the check after the name of the payee the words, "or J. K. Van Ness, attorney;" and the money thereon was obtained from the defendant through the clearing house, and that Van Ness applied the money to his own use. The complaint then contains the further allegation that the defendant wrongfully and unlawfully charged the plaintiff with the $1,000 check thus paid, and that the defendant has that check in its possession, and claims its ownership as a voucher.

The complaint, therefore, contains special facts and equities which the plaintiff claims render the defendant liable to him for this $1,000 notwithstanding the fact that the check had been paid, and that it appears on the face of the complaint that the payment of the check was subsequent to its certification. The answer is a denial of any knowledge or information sufficient to form a belief whether the plaintiff gave the check to Van Ness for delivery to Waldron or whether after the certification Van Ness, without the knowledge or consent of Waldron or of the plaintiff, inserted in the body of the check the words, "or J. K. Van Ness, attorney;" or whether Van Ness applied the proceeds of the check to his own use. There is no general denial in the answer, but there are distinctly put in issue those facts which, upon the plaintiff's own pleading, it was necessary for him to prove before there could be a recovery. The plaintiff had parted with the check. According to his own statement he had given it to Van Ness to be delivered to Waldron; still, according to his statement, it was certified by the bank as a check payable to Waldron alone. Thus far, it is obvious the plaintiff had no interest in the check. In the form in which he chose to bring his action, it became incumbent upon him to show a wrongful payment of the check by the bank, for the bank by its certification had become liable to pay that check to Waldron. Assuming that the plaintiff might maintain the action, it could only be under the complaint upon the basis of the wrongful act of the defendant in paying the check to a person not the payee appointed by the plaintiff, but to another person alleged in the complaint to be the one who feloniously or otherwise inserted his name as an alternative payee. That

fundamental allegation is denied by the answer. There is no question of an affirmative defense being set up. The denial of the answer goes directly to the essential facts which would entitle the plaintiff to sue to recover moneys paid upon a check wrongfully altered by somebody, so that the true payee did not receive the money, thus allowing the inference that the plaintiff would be liable for the same amount to his real debtor, or to refund the amount of the check to the estate, of which he was executor.

The court below was, therefore, right in refusing to dismiss the complaint upon the pleadings, and in leaving to the jury the issue whether there was any unauthorized change made as to the payee of the check. The issues were plainly tendered by the plaintiff, and he could not escape from trying them by claiming that some of his chief allegations were to be treated as surplusage. The defendant's answer was drawn to meet the issues as tendered. Upon those issues the evidence was strongly in favor of the defendant. The jury found that there was no change made in the check, and that the words making Van Ness an alternative payee were written in that check before the plaintiff signed it. The body of the check was filled in by Van Ness in his office, and immediately signed by the plaintiff. Disinterested witnesses testified that they were present when the check was drawn, and saw the name of Van Ness written in it as a payee. Mrs. Haviland distinctly testified to it, and Mr. Cowles, a lawyer, who was present, testified to the same thing. The plaintiff was not called to contradict them. Their testimony was contradicted by James A. Waldron, but the jury discredited his testimony. The plaintiff also called as a witness the teller of the defendant, who testified that, when the check was presented for certification, Waldron's name appeared as the payee; but he made his statement, not from his personal recollection, but from memoranda contained in a book in which he entered the certifications of checks made by him. He said he had no particular memory of the transaction except the record; that he did not remember whether the name of Van Ness was on the check or not when it was presented for certification; that from the memorandum on his book he noticed that the check was payable to the order of James A. Waldron. But it was shown by the defendant that of the six entries made on the same day by this witness in his certification book of checks

drawn against court order 426, of which the check in question was one, only two were not defective.

The verdict of the jury was justified by the evidence, and there are no errors in the admission or rejection of evidence which call for a reversal of the judgment.

The judgment and order appealed from should be affirmed, with costs.

VAN BRUNT, P. J., BARRETT, RUMSEY and McLAUGHLIN, JJ., concurred.

Judgment and order affirmed, with costs.